UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
---------------------------------------------  )
                                               )
ALEX RANKINS                                   )
      plaintiff,                               )
                                               )
v.                                             )
                                               )
CARLOS FLORES, NR., PRACTITIONER               )
MCI-SHIRLEY:                                   )
                                               )
MARIA ANGELES, MD., MEDICAL DIRECTOR           )
AT MCI-SHIRLEY:                                )
                                               )
ANDRIANA CARRILLO, MD., MEDICAL                )
PHYSICIAN AT LEMUEL SHATTACK HOS-              )
PITAL:                                         )
                                               )
LEMUEL SHATTACK HOSPITAL:                      )
         Defendants.                           )
                                               )
                                               )
                                               )
---------------------------------------------  )
```

FILED
IN CLERKS OFFICE
2020 OCT 21  AM 1:09
U.S. DISTRICT COURT
DISTRICT OF MASS.

## COMPLAINT

### I.    INTRODUCTION

1.    This is a civil rights action filed by Alex Rankins, a state prisoner, for damages and injunctive relief under 42 U.S.C. §1983, alleging denial of medical care in violation of the Eighth Amendment to the United States constitution. the plaintiff also alleges the torts of medical malpractice and negligence by administrative personnel for which he seeks damages.

### II,    JURISDICTION AND VENUE

2.    The Court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. §§1331(1) and 1343.

2.

2. The Court has supplemental jurisdiction over the plaintiff 's state law tort claims under 28 U.S.C. §1367.

III. <u>PARTIES</u>

3. The plaintiff, Alex Rankins, was incarcerated at MCI-Shirley Medium facility ("MCI-Shirley Medium") during the events described in this complaint.

4. Defendants, Carlos Flores, Maria Angeles, are Medical employees at MCI-Shirley Medium, there positions are Medical Doctor and, Medical Director, and, Nurse Practitioner. They are being sued in their individual capacities. Their both apart of Mass. Partnership for Correctional Healthcare, a/k/a "Wellpath;"

5. Defendant, Adriana Carrillo, is a Medical Vascular Dr. at Lemuel Shattack Hospital in Jamaica Plain, Massachusttes. She is being sued in her individual capacities.

6. Defendant, Lemuel Shattack Hospital, is responsible for the injury that plaintiff sustain after the operation to his left ankle. They are being sued in their individual capacities.

IV. <u>FACTUAL ALLEGATION</u>

7. Plaintiff has a long history of having trauma to the leg, he has had a compound fracture for 37 to 38 years ago, and has a fix--ation with pins and wires, The past few years the plaintiff has developed some pain and discomfort, the plaintiff has been complainning about the wire came outof the skin.

3.

8.    The plaintiff, has been seen by orthopedic service at defendant's Lemuel Shattack, and they wanted to repair the damage, however, the plaintiff was in fair of his life due to the failure that accurred in the last opperation done by defendant Dr. Carillo, vascular doctor, is the reason plaintiff refused.

9.    Due to the failed opperation the plaintiff has con- -tracted Leukemia, which is currently being treated by oncology clinic; he is being referred to vascular service because of the serious wound on his left ankle, which is very superficial and has discoloration consistent with old venous stasis discoloration. plaintiff is still complaining of having pain on the left ankle, especially on the medical aspect of the ankle, he is still having pain.

10.    Plaintiff had contacted Prisoner's Legal Services, a agency that oversees prisoner's right, a Ms. Maggie Ellen Filler, had written a letter to defendant Angeles, about the concern's of the plaintiff, where Mr. Rankins, complained to the medical department about the problems he was having being unable to sleep, having these unbearable pains, and how defendant NP Flores, sent plaintiff back to his unit without any future plans of sending plaintiff to an outside hospital. All the Defendant did was give the plaintiff Tyenol.

4.

11.   A second letter to the defendant Angeles, was sent, indicating that Ms. Filler, wrote regarding a letter Ms. filler wrote to the defendant indicating about plaintiff's open wound and the experiencing severe pain due to the broken left ankle. in response to Ms. filler's letter, ADA Stephine Collins stated that the surigical clinic saw plaintiff in February 2016. Indeed on February 22, 2016, Mr. Rankins had a surgical consult with a Doctor Farizan at Lemuel Shattack hospital regarding the open wound. Dr. Farizan, reccommended frequaent dressing changes of the wound and a follow-up consultation in **one month** if the wound did-not completely heal. Dr. Farizan, also reccommended an ultrasound of the ankle to rule out chronic venous thrombosis. there was no thrombosis found in the result's of the ultrasound, **Plaintif was never brought back for a follow-up with Dr. Farizan, despite the fact that the wound refuses to heal and remains open.**[1]

12.   On June 3, 2016, Plaintiff had an unplanned transfer to Lemuel Shattack Hospital after he complained to the outpatient nurse that he was experiencing increased pain to the left lower extremity, purulent discharge, swellin, redress, and pain.

---

[1] ADA Collins's letter also refers to an April 12, 2016, appointment with the MPCH orthopedic surgeon at which the orthopedic surgeon recommended, according to ADA Collins, a leg sleeve and wound care. Clearly this recommended treatment has been insufficient to address Mr. Rankins' persistents open wound. According to Plaintiffs' report, the MPCH orthopedic surgeon judged Mr. Rankins' condition to require review from an outside consultant.

5.

13.   Upon arrival at Lemuel Shattack hospital, Dr. Arielle Adrien reviewed Plaintiffs' symptoms, she found that he had a non-healing wound along the surgical site of his left lower extremity for approximately five months, with worsening pain, opening, discharge and redress. Plaintiff explained to Dr. Adrien that the wound continued to worsen and had not improved, and that he has had a fever for the last few weeks, While x-ray imaging at the time showed no firm radiologic evidence of osteomylitis. Dr. Adrien requested further work on including an MRI if the wound worsens or does not improve.

14.   Upon plaintiffs' return to MCI-Shirley, Plaintiff was not immediately provided any antibiotic medication. On June 6, 2016, a medical order for clindamycin was entered for the plaintiff for 14 days.

15.   On June 13, 2016, staff Attorney for PLS, went to see plaintiff at MCI-Shirley Medium and observed his injury first-hand. Plaintiffs' wound was open, pocketed, and draining liquid. He had no wrapping of any kind around the wound. which was covered with a simple sock. Enclosed please find two photographs of Mr. Rankins' ankle that Ms. Filler, took at the time she visit plaintiff at the prison on June 13, 2016.

16.   On June 16, 2016, plaintiff returned to Lemuel Shattack Hospital for a consultation with PA Andrea Tortolano in the orthopedic clinic. She noted that plaintiff was last seen in the Orthopedic clinic on March 26, 2016, at which point othropedic had recommended an ankle arthroscopy for debridement of osteophytes and cleaning out or spurring. The plaintiff never received this treatment.

6.

17.    Plaintiff is a seventy plus years old, and is being denied medical care and treatment by each and every individual defendant's. As to fast forwarding up until now 6⊙ years later, plaintiff is still being denied proper medical treatment. [2]

## DENIAL OF MEDICAL CARE

18.    Since the above incident's, plaintiff has been denied to go out and have a outside physician take a look at his still open wound on his ankle, however, he did go out to get a brace for his ankle two week's ago but he is still having severe pain and is unable to sleep due to the pain and suffering.

19.    He has been requesting by medical sick-call slips and grievances to be given a new nurse practitioner (NP), through Health Administrator Ms. Michelle L. Lafountaine, and was denied.

20.    Plaintiff has been requesting to having a shelf installed in his handicap cell for over a year, due to his bad hip because of the disc, because he has constant trouble being able to stand straight-up. Plaintiff is actual sleeping on a metal door, when he should be sleeping on a bed that doesn't give him constant back pain's. He has a orthopedic matter's, however, it gives him trouble, and its uncovertable.

21.    The defendant, Flores, who is plaintiff's medical provider has denied plaintiff the proper medical treatment, and has

---

[2]  Plaintiffs' attachment's will be referred to as Exhibits "A-through by year post marked as A-2014 up until A-2020.

7.

has yet to administer any type of medication that will pervent further complication with the severe pain that Mr. Rankins's current condition.

22.   Medical Administrator Michelle L. Lafountaine, is responsible for arranging for special care outside the prison. but hasn't yet provided him with necessary treatment that requires him adequate care.

23.   The Plaintiff is in great pain and his ankle is stiff and is still leaking and still has a open wound.

24.   Plaintiff has one leg shorter than the other.

25.   Due to a boch surgery by the defendant Andriana Carrillo, and defendant's Lemuel Shattack Hospital, behind exceeding the measurements behind another boch surgery with a lite hip surgery; which caused the metal thyrode to pertrude through the right thy.

V.      EXHAUSTION OF ADMINISTRATIVE REMEDIES

26.   The Plaintiff has Exhausted his Administrative remedies with respect to all claim's and all defendant's.

CLAIMS OF RELIEF

COUNT I

VIOLATION OF 42 U.S.C. §1983
CRUEL UNUSUAL PUNISHMENT: DELIBERATE INDIFFERENCE TO
MEDICAL NEED
(Rankins v. Flores in his individual Capacity)

27.   Plaintiff re-alleges and incorporates by refference all foregoing parargraphs as if specifically set forth herein.

8.

28.    Flores acted under color of Law as an employee of the
MDOC and in that capacity subjected Rankins to deprivation of Federal
Rights secured by the United States Constitution.

29.    The conduct of Flores described herein violated the
plaintiff's Federal rights, including that his conduct demonstrates
a deliberate indifference to the plaintiff's serious medical needs,
and constitute cruel unusual punishment that unlawfully deprived
the Plaintiff of the rights guaranteed to him by the Eighth and
Fourteenth Amendments of the United States Constitution and 42 U.S.C.
§1983.

COUNT III.

VIOLATION OF 42 U.S.C. §1983
CRUEL UNSUAL PUNISHMENT: DELIBERATE INDIFFERENCE TO MEDICAL NEED
(RANKINS V. ANGELES IN HER INDIVIDUAL CAPACITY)

30.    The Plaintiff re-alleges and incorporates by
reference all foregoing paragraphs as if specifically set forth
herein.

30.    Angeles acted under the color of law as an
employee of the MDOC and in that capacity subjected The Plaintiff
to a deprivation of federal civil rights secured by the United
States Constitution.

32.    The conduct of Angeles described herein violated
The Plaintiff's federal civil rights, including that her conduct
demonstrated a deliberate indifference to The Plaintiff's serious
medical needs, and constitutes cruel unusual punishment that
unlawfully deprives The Plaintiff of the rights guaranteed to him

9.

by the Eighth and Fourteenth Amendments of the United states Constitution and 42 U.S.C. §1983.

33. As the direct and proximate result of the action by Angeles. The Plaintiff was deprived of his well-established constitutional and statutory rights as guaranteed by the fourth and fourteenth Amendment to the United States Constit-ion and 42 U.S.C. §1983. suffered serious and debilitating personal injuries and damages, experience emotional distress and mental suffering, and has incurred other substantial damages.

## COUNT III

### VIOLATION OF 42 U.S.C. §1983
### CRUEL AND UNUSUAL PUNISHEMNT: DELIBERATE INDIFFERENCE TO MEDICAL NEED

(Rankins v. Andiana Carrillo in her individual capacity)

34. The plaintiff re-alleges and incorporations by reference all foregoing paragraphs as if specifically set forth herein.

35. Carrillo acted under the color of law as an employee of the Lemuel Shattack Hospital and in that capacity subjected The plaintiff to deprivation of federal civil rights s secured by the United States Constitution.

36. The conduct of Carrillo described herein violated The Plaintiff's federal civil rights, including that her conduct demonstrated a deliberate indifference to The Plaintiff

10.

serious medical needs, and constitute cruel or unsual punishment
that unlawfully deprives the Plaintiff of the rights guaranteed
to him by the Eighth and Fourteenth Amendments of the United
States Constitution and 42 U.S.C. §1983.

37.    As the direct and proximate result of the
actions by Carillo, The Plaintiff was deprived of his well-estab-
lished constitutional and statutory by the Fourth and Fourteenth
Amendments to the United States Constitution and 42 U.S.C. §1983,
suffered serious and debilitating personal injuries and demages,
experienced emotional distress and mental suffering, and has
incurred other substantial damages.

## COUNT IV.

### VIOLATION OF 42 U.S.C. §1983
### CRUEL UNUSAL PUNISHMENT: DELIBERATE INDIFFERENCE TO MEDICAL NEED

### (Rankins v. Lemuel Shattack Hospital)

38.    The Plaintiff re-alleges and incorporates by
reference all foregoing paragraphs as if specifically set forth
herein.

39.    Lemuel Shattack Hospital are medical providers,
who are responsible for medical treatment for prisoners, they are
being sued in their individual capacities.

40.    The conduct of Lemuel Shattack hospital described
above violated The Plaintiff's federal civil rights, including that
their conduct demonstrated a deliberate indifference to The
Plaintiff's serious medical needs, and constitute cruel unusal
punishment that unlawfully deprives the Plaintiff ofthe rights

guaranteed to him by the Eighth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §1983.

41. As the direct and proximate result of the actions by Lemuel Shattack Hospital, The Plaintiff was deprived of his well -established constitutional and statutory rights as guaranteed by the Fourth and fourteenth Amendments to the United States Constituion and 42 U.S.C. §1983, suffered serious and debilitating personal injuries and damages, experienced emotional distress and mental suffering, and has incurred other substantial damages.

## COUNT V.

### VIOLATION OF ARTICLE 26 OF THE DECLARATION OF RIGHTS CRUEL UNSUAL PUNISHMENT: DELIBERATE INDEFFERENCE TO MEDICAL NEED
### (Rankins v. Flores, Angeles, Carillo,)

42. Plaintiff re-alleges and incorporates by reference all foregoing paragraphs as if specially set forth herein.

43. Defendants Flores, Angeles, and Carillo are also being being sued under Article 26 of the Declaration of the Constitution of the Commonwealth of Massachusetts in their individual capacities.

44. These Defendant's actions and omissions, as described above, have caused Mr. Rankins harm, including but not limited to pain,suffering, and emotional distress.

45. The actions of these Defendants demonstrate deliberate difference to Mr. Rankins health and safety and constitute cruel or unusual punishment that unlawfully deprives Mr. Rankins of the rights guaranteed to him by Article 26 of the Declaration

of rights of the Constitution of the Commonwealth of Massachusetts and as enforceable through G.L. c. 12, §11I.

## COUNT VI.

### Negligence: Medical Malpractice

### (Rankins v. Lemuel Shattack Hospital)

46.    Plaintiff repeats and re-alleges the allegations set forth in all previous paragraphs.

47. Defendant Lemuel Shattack Hospital is public employer defined by G.L. c.258.

48.    As set forth above, from 2016 to present, Defendant Lemuel Shattack Hospital has been obligated to provid adequate medical care, and has assumed responsibility for providing adequate medical care to The Plaintiff, during the period of the Plaintiff's Incarceration at Shirley.

49.    Defendant Lemuel Shattack Hospital, through its agents and employees, breach their duty to provide adequate medical care to The Plaintiff and fail to comform to good medical practice as described above.

50.    As a direct and proximate result of the negligence of Shattack Hospital, The Plaintiff has suffered serious physical and psychological injuries.

VI.  DAMAGES

WHEREFORE The Plaintiff, requests that this Honorable Court:

1.  Grant judgement against the defendants and award compensatory damages against the defendants jointly and

13.

and severally, with interest and cost;

2.   Award The Plaintiff compensation for his pain and suffering, emotional distress, and other losses, in the amount to be determine at trial;

3.   Award punitive demages against the defendants' pursuant to statute and common law;

4.   Award Plaintiff the cost of this action, including reasonable attorney fees in accordance with law, including but not limited to 42 U.S. C. §1983; and

5.   Award The Plaintiff such additional relief as may be just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury on all counts of this complaint so triable.

Date: 9/14/20

Respectfully Submitted

_Al. Rankins_,

Alex Rankins, #W-61505
MCI-Shirley Medium
PO Box 1218
Shirley, Ma 01464

## VERIFICATION

I, Alex Rankins, hereby Verify that the following document is to the best of my knowledge, recollection, is a true attestment signed under the pains and penalties of perjury on this ____, day of August, of 2020.