UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALEX RANKINS,  Plaintiff, | ) ) ) ) | |
| v. | ) ) ) | Civil No. 20-11908-LTS |
| CARLOS FLORES, et al.,  Defendants. | ) ) ) ) | |

MEMORANDUM AND ORDER

December 28, 2020

SOROKIN, J.

For the reasons set forth below, the court dismisses the claims against the Lemuel Shattuck Hospital and directs the clerk to issue summons for service of the complaint on the three remaining defendants. Because plaintiff paid the filing fee, he is responsible for service.

I.  BACKGROUND

On October 21, 2020, Alex Rankins ("Rankins"), an inmate confined to MCI Shirley, filed a pro se complaint against a nurse, two doctors and the Lemuel Shattuck Hospital alleging, among other things, deliberate indifference to his serious medical needs. Docket No. 1. He brings this action pursuant to 42 U.S.C. § 1983 and asserts pendent state law claims. Id. Plaintiff paid the $400 filing fee. Docket No. 5.

II.  SCREENING OF THE COMPLAINT

Here, Rankins has paid the filing and administrative fees. As a prisoner plaintiff, however, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915A. Section 1915A authorizes federal courts to dismiss a complaint if the claims therein lack an arguable basis in law or in fact, fail to state a

claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) (screening). In conducting this review, the court liberally construes the complaint because Rankins is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

III.   DISCUSSION

Claims for violations of federal constitutional rights by state actors must be brought under 42 U.S.C. § 1983 ("Section 1983"), which provides a civil cause of action for deprivation of one's civil rights. Section 1983 provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983.

Here, the Lemuel Shattuck Hospital is a part of the Massachusetts Department of Public Health, whose commissioner has general supervision over its operation. Mass. Gen. Laws ch. 111, § 69E. Therefore, the hospital is part of a state agency, and is not a "person" subject to suit under 42 U.S.C. § 1983. See McGee v. UMass Corr. Health, No. 09-40120-FDS, 2010 WL 3464282, at *4 (D. Mass. Sept. 1, 2010) (Shattuck Hospital is not a "person" under 42 U.S.C. § 1983); see also Commonwealth v. Elm Medical Lab'ys, Inc., 33 Mass. App .Ct. 71, 76-77 (1992) (Lemuel Shattuck Hospital is not considered a "person" within the meaning of the state civil rights statute). Accordingly, Rankins' claims against the defendant hospital will be dismissed.

The Clerk will be directed to issue summonses for service of the complaint on defendants Flores, Angeles and Carrillo. Because the filing fee has been paid, Rankins is required to arrange for service of the summons and complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, plaintiffs may choose an alternative to serving the defendants with the summons and complaint by offering the defendants the option to waive service of the summons. See Fed. R. Civ. P. 4(d).  The Clerk will be directed to provide Rankins with copies of Local Rule 4.1, a blank Notice of Lawsuit and Request to Waive Service of Summons (form AO 398) and a blank Waiver of the Service of Summons (form AO 399), Because Rankins is not proceeding in forma pauperis, the U.S. Marshals Service will not be ordered to effect service of process and advance the costs of service.[1]

IV.     CONCLUSION

Based upon the foregoing, it is it is hereby ORDERED that

1.      Plaintiff's claims against the Lemuel Shattuck Hospital are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

2.      The Clerk shall issue summons for service of the complaint on defendants Carlos Flores, Maria Angeles and Adriana Carrillo.  The Clerk shall provide the plaintiff with a courtesy copy of the complaint and the following forms:  (1) Notice of Lawsuit and Request to Waive Service of Summons (form AO 398) and (2) Waiver of the Service of Summons (form AO 399).

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[1] If Rankins seeks to have service of process effected by the U.S. Marshals Service, he must submit a motion for leave to proceed in forma pauperis accompanied by a copy of his prison account statement along with a motion for service by the U.S. Marshal Service.