UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALEX RANKINS, <br> Plaintiff, <br><br> v. <br><br> CARLOS FLORES, et al., <br> Defendants. | ) ) ) ) ) ) ) ) ) ) | Civil No. 20-11908-LTS |

ORDER

January 7, 2021

SOROKIN, J.

Alex Rankins ("Rankins"), an inmate confined to MCI Shirley, initiated this action by filing a complaint alleging, among other things, deliberate indifference to his serious medical needs. Docket No. 1. Plaintiff paid the $400 filing fee. Docket No. 5. On December 28, 2020, the Court directed the Clerk to issue summons for service of defendants Flores, Angeles and Carrillo. Docket No. 6. The Order advised Rankins that because he paid the filing fee, he is required to arrange for service of the summons. Id. The Order explained that to request service by the U.S. Marshals Service, Rankins must submit a motion for leave to proceed in forma pauperis accompanied by a copy of his prison account statement along with a motion for service by the U.S. Marshal Service.

On January 6, 2021, Rankins filed a motion for service by the United States Marshals Service. Docket No. 9. Rankins failed to submit a motion for leave to proceed in forma pauperis accompanied by a copy of his prison account statement. In his motion, plaintiff acknowledges that he paid the filing fee to initiate this action, and states that "any monies that he receives from his [family] are gift's so he can survive." See Motion, Docket No. 9, at p. 2. Rankins argues that it

would be in the interest of justice for the Court to direct service by the United States Marshals Service ("USMS").  Id.  Rankins states his belief that "if the plaintiff does it, its not guaranteed that the defendant's (sic) will get the summons along with the complaint, because they can always say they never received service."  Id.  Rankins also asks for a complimentary copy of the complaint due to restricted movement within the prison due to quarantine.  Id.

As an initial matter, Rankins has not attempted to offer the defendants the option to waive service of the summons.  Next, under the federal in forma pauperis statute, a court can require the United States Marshals Service to complete service on behalf of an indigent litigant, with all costs of service to be advanced by the United States.  See 28 U.S.C. § 1915(d).  However, litigants seeking to proceed in forma pauperis must submit an affidavit that includes a statement of all plaintiff's assets.  See 28 U.S.C. § 1915(a)(1).  Where, as here, the plaintiff is a prisoner, a request to proceed in forma pauperis must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).

Without a copy of Rankin's inmate account statement, the Court is unable to determine whether he is indigent within the meaning of the in forma pauperis statute.  Even if Rankins is granted leave to proceed in forma pauperis, he is still required to provide to the United States Marshals Service copies of the complaint for service.  The in forma pauperis statute does not authorize the court to waive the cost of copies of court documents.

Accordingly, Rankin's motion for service by the United States Marshals Service is denied without prejudice.  If Rankin's wishes to renew his motion, he must submit his renewed motion with a motion for leave to proceed in forma pauperis accompanied by a copy of his prison account

statement.  The Clerk shall provide Rankins with a blank Application to Proceed in District Court Without Prepaying Fees or Costs, a blank Notice of Lawsuit and Request to Waive Service of Summons (form AO 398), a blank Waiver of the Service of Summons (form AO 399), and a courtesy copy of the complaint.

                                                SO ORDERED.

                                                /s/ Leo T. Sorokin
                                                Leo T. Sorokin
                                                United States District Judge